Theresa Beswick, et al.
vs.                    Eq. No. 11164.
Mike Perocki

January 4, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

Bill in equity to restrain respondent from soliciting, or interfering with, or transacting any business with customers of complainants.

Complainants carry on a window washing business in Pawtucket formerly conducted by Mike Beswick, husband of Theresa and father of other complainants. Upon the death of her husband, the widow, wishing to carry on the business, hired respondent, who was also in the same business in another city, to work for the Pawtucket Window Cleaning Co., that being the name under which the business was conducted, for a salary of $36 per week. This arrangement continued for some time, until respondent notified Theresa Beswick that he was going to sever his relations with them. At this time a new contract was entered into and upon what this contract was depends the issue in this case.

Respondent claims the arrangement was a partnership.

Jane Beswick, a daughter, manager for a time of the business, was taken ill. About two years before her death and at the time of her illness, Jane and her mother, Theresa, made an agreement with respondent, according to the testimony of Theresa, in order that respondent might keep a closer watch upon the business and take more interest in the same, to divide one-half of the net profits of the business with him.

Respondent testifies as to an absolute partnership to share profits and losses, and to a certain extent was corroborated in this testimony by Theresa.

The only assets of the business consisted of pails and window brushes. The business was never incorporated or carried on under a registered trade name. Respondent owned an automobile which was used in the business.

It is not a question whether the partnership was of such a nature as would enable the respondent to share in the assets upon dissolution, such assets being negligible, but whether he was an employee under a contract which he could sever at any time and proceed to carry on the same business in the same locality in competition.

The partnership arrangement, if such, was voluntarily entered into by both parties, had no period for termination, and was made without any conditions as to what would happen upon termination. Respondent bound himself in no way not to engage in the same business and the case does not come within the class of cases where there exists an agreement, either express or implied, that upon the conclusion of the agreement either party could be restrained from carrying on the same business in the same locality in competition.

Bill is dismissed.

For complainant: Edwin O. Halpert.
For respondent: Bernard B. Abedon.